UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TURNER,

       Plaintiff,                            Case No. 11-cv-13281
                                                       HON. BERNARD A. FRIEDMAN
vs.                                                      MAG. JUDGE R. STEVEN WHALEN

GRAND TRUNK WESTERN
RAILROAD COMPANY,

       Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS
TO ORDER DENYING SECOND MOTION TO AMEND THE COMPLAINT**

Before the Court is plaintiff's objection[1] to Magistrate Judge R. Steven Whalen's April 25, 2013 order [docket entries 68 and 72].  The order denied plaintiff's second motion to amend the complaint [docket entry 52], which sought to add two of defendant's security officers as parties to this action.  Plaintiff alleges that the officers are liable for negligent infliction of emotional distress after they illegally detained him.

A district court may modify or set aside any part of a magistrate judge's order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see Bell v. Ameritech Sickness &

---

[1] Although plaintiff appears to have filed a notice of appeal from the magistrate judge's order with the Sixth Circuit Court of Appeals (denominated as "Plaintiff's Appeal of Magistrate's Denial of Second Motion to Amend Complaint"), the Court will construe the filing as an objection because an appeal to the Sixth Circuit does not lie from a magistrate judge's order. See Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir. 1984); Childress v. Michalke, No. 10-11008, 2012 U.S. Dist. LEXIS 169139, at *8 (E.D. Mich. Nov. 29, 2012) ("[u]nless the magistrate judge is given plenary jurisdiction pursuant to 28 U.S.C. § 636(c)(1), any review of a magistrate judge's ruling lies with the district court judge.").

-1-

Accident Disability Benefit Plan, 399 F. App'x. 991, 997 n.5 (6th Cir. 2010). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see Hagaman v. Comm'r of Internal Revenue, 958 F.2d 684, 690 (6th Cir. 1992).

With respect to whether an order is "contrary to law," the United States Supreme Court has stated that "[t]he word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams v. Taylor, 529 U.S. 362, 405 (2000) *quoting* Webster's Third New International Dictionary 495 (1976). In other words, the Court may reject a magistrate judge's nondispositive determinations if it decides that those determinations are against the law or the opposite of what is required by the law.

Pursuant to the foregoing standard of review, the Court finds that the magistrate judge's order was not clearly erroneous nor contrary to law. Since the events underlying the instant action occurred more than three years ago, plaintiff cannot amend his complaint to add the security officers as party defendants because the limitations period for claims alleging negligent infliction of emotional distress has expired. See Marsh v. Crummel, No. 204941, 1999 Mich. App. LEXIS 1689, at *1 (Mich. Ct. App. Apr. 23, 1999) (stating that "[c]laims for. . . negligent infliction of emotional distress must be brought within three years after they accrue in order to avoid the limitation bar."). Nor may plaintiff avail himself of the relation-back doctrine pursuant to Fed. R. Civ. P. 15(c)(1)(A) because, under Michigan law, the doctrine "does not apply to the addition of new parties." Miller v. Chapman Contracting, 477 Mich. 102, 106 (2007) *quoting* Cowles v. Bank West, 263 Mich. App. 213, 229 (2004); see Labreck v. Esposito, No. 11-11328,

2012 U.S. Dist. LEXIS 186038, at *6-7 (E.D. Mich. Nov. 29, 2012) *adopted by* 2013 U.S. Dist. LEXIS 19235 (E.D. Mich. Feb. 13, 2013) (holding that relation-back doctrine does not apply especially where individuals "were never named as Defendants or even 'Doe' defendants.").

Furthermore, defendant cannot be held vicariously liable for employee conduct that is otherwise barred by the statute of limitations. See Urbanec v. Multi-Financial Secs. Corp., No. 10-12869, 2010 U.S. Dist. LEXIS 121331, at *24-26 (E.D. Mich. Nov. 16, 2010).

Accordingly,

IT IS ORDERED that plaintiff's objections are denied.

IT IS FURTHER ORDERED that Magistrate Judge R. Steven Whalen's April 25, 2013 order is affirmed.

Dated: May 20, 2013  _____s/ Bernard A. Friedman_____
      Detroit, Michigan        BERNARD A. FRIEDMAN
                               SENIOR UNITED STATES DISTRICT JUDGE