UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TURNER,                                              No. 11-13281

        Plaintiff,                                     District Judge Bernard A. Friedman

v.                                                         Magistrate Judge R. Steven Whalen

GRAND TRUNK
WESTERN RAILROAD COMPANY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James Turner filed a *pro se* civil complaint On July 27, 2011[Doc. #1][1], and an amended complaint of November 17, 2011 [Doc. #17], naming Defendant Grand Trunk Western Railroad Company ("Grand Trunk").[2] Before the Court is Defendant's Motion for Summary Judgment [Doc. #60], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

---

[1] On June 12, 2013, attorney Carron L. Pinkins filed an appearance on Plaintiff's behalf [Doc. #77]. However, Mr. Pinkins has not filed any pleadings.

[2] On June 15, 2012, the Court entered an order amending the case caption to remove the Canadian National Police Department and retaining the Grand Trunk Western Railroad Company as the sole Defendant and real party in interest. *See* Doc. #37.

I.   FACTS

The *pro se* amended complaint [Doc. #17] consists of a five-page factual narrative. Construing it liberally, as we must[3], it can be fairly read as alleging claims of excessive force and unreasonable seizure pursuant to 42 U.S.C. § 1983, as well as state law claims of assault and battery, malicious prosecution, and false arrest/imprisonment.

On September 16, 2008, Plaintiff was driving his motorcycle in the City of Detroit, when he was stopped by David Salamas and Donald Pischel, two police officers employed by Grand Trunk. At a subsequent preliminary examination, Officer Salamas testified testified that Plaintiff crossed some railroad tracks at about 60 m.p.h., and then accelerated to 75 m.p.h. *Testimony of Salamas*, 5-6 , Defendant's Exhibit 5. At his own deposition in this case, Plaintiff conceded that he may have been going that fast. *Plaintiff's Deposition,* 167-168, Defendant's Exhibit 2.

Plaintiff testified that when he pulled over, the officers approached him from behind, and instructed him to step off the motorcycle. He stated that one of the officers drew his gun, and he was instructed to place his arms behind his back. When he asked the officers to identify themselves, Officer Salamas grabbed him by the right arm and pulled him to the hood of the police car. Plaintiff declined Officer Pischel's order to place his hands behind his back, asking if he could leave his hands on the hood of the car instead. He alleges that Officer Salamas elbowed him in the upper back and neck and grabbed his right arm. Pischel, he said, threatened to spray him with mace if he did not put his arms

---

[3] . *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

behind his back. Eventually, Plaintiff was handcuffed and placed in back of a police car. *Plaintiff's Deposition*, 66-80.[4]

Officer Salamas testified that within a week after the incident, he requested a warrant against Plaintiff for resisting a police officer and fleeing and eluding a police officer. *Deposition of David Salamas*, Defendant's Exhibit 3, 49. A warrant was issued on October 16, 2008.  *See* Defendant's Exhibit 11.  Plaintiff was arrested on the warrant in April of 2009, after he was stopped for operating a motorcycle while intoxicated. *Plaintiff's Deposition*, 101-102.  The complaint was dismissed at the preliminary examination. However, the Wayne County Prosecutor appealed the dismissal, and on December 2, 2009, Wayne County Circuit Judge Timothy Kenny reinstated the charges, finding that there was probable cause to seek the warrant and bind Plaintiff over for trial on the charges of third-degree fleeing and eluding a police officer and resisting and obstructing a police officer. *Defendant's Exhibit 13*. On April 16, 2012, Plaintiff entered into a pretrial diversion program.  *Defendant's Exhibit* 12.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must

---

[4] The Officers deny that weapons were drawn or that excessive force was used. However, for purposes of summary judgment, the facts as alleged by Plaintiff will be assumed to be true.

determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION
#### A. State Law Claims–Statute of Limitations

Assuming that Plaintiff has raised state law claims of assault and battery, false arrest/imprisonment and malicious prosecution, those claims are time-barred.

Under M.C.L. 600.5805(2), the statute of limitations for assault, battery or false imprisonment/false arrest is two years. The events giving rise to those claims occurred on September 16, 2008. The complaint was filed more than two years later, on July 27, 2011.

Under M.C.L. 600.5805(5), the statute of limitations for malicious prosecution is also two years. The latest involvement of any Grand Trunk Officer (specifically Officer Salamas) was at Plaintiff's preliminary examination on May 4, 2009. The complaint was filed more than two years later, on July 27, 2011.[5]

Thus, all state law claims are barred by the statute of limitations.

### B. § 1983 Claims

Plaintiff has sued Grand Trunk; he has not named the individual officers.[6] Therefore, his claim is necessarily premised on *respondeat superior* liability.

In *Monell v. Department of Social Services of City of New York* 436 U.S. 658 (1978), the Supreme Court held that under § 1983, municipal liability is not unlimited, and that a municipality could not be liable on a theory of *respondeat superior*: "A municipality cannot be held liable *solely* because it employs a tortfeasor - - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.*, 436 U.S. at 691, 2036. (Emphasis in original).[7] However, the *Monell* Court

---

[5] In any event, a claim of malicious prosecution requires the Plaintiff to show an absence of probable cause. *Sykes v. Anderson*, 625 F.3d 294, 308-309 (6th Cir. 2010). Thus, Judge Kenny's finding of probable cause negates the malicious prosecution claim.

[6] On May 20, 2013, the Court, affirmed the Order of the undersigned Magistrate Judge denying Plaintiff's second motion to amend the complaint to add the individual officers and the count of intentional infliction of emotional distress. Doc. #74.

[7] The Grand Trunk Officers were serving a governmental function pursuant to M.C.L. § 462.377, which gives commissioned Railroad Officers "the powers of sheriffs, marshalls, constables and municipal police officers." This brings their employer, a private

-5-

found that when the acts of individual employees represent the government's custom or policy, the municipality can be held liable. *Id* at 638, 2037-2038.  In *Johnson v. City of Detroit*, 944 F.Supp. 586, 598 (E.D. Mich. 1996), the Court explained, "The requirement of an official policy distinguishes the acts of the employee from those of the municipality, ensuring that the municipality is held responsible only for the latter."

Defendants have submitted as Exhibit 4 to their motion the affidavit of Charles A. Krane, the Inspector of Police for the Grand Trunk Police Department.  Inspector Krane states that he reviewed the personnel records of Officers Salamas and Pischel, and that with the exception of Plaintiff's claim, he has found no information regarding any prior incident involving reports or allegations of violations of civil rights or assaults by those Officers. *Krane Affidavit*, ¶¶ 9-11.  He states that the Officers' actions with regard to Plaintiff "were related to Mr. Turner's actions on a public street," and "were not related to the railroad's operation s but rather to a violation of state and local law." *Id*. ¶ 15.  At ¶ 17, Inspector Krane states, "GTW (Grand Trunk) has no policies which encourage its police officers to assault, detain, falsely arrest, violate the constitutional rights of, or initiate requests for warrants against innocent citizens."  At ¶ 18, he states, "CTW's rules and policies forbid the foregoing activities described in paragraph 17 of this Affidavit and any officer who does so is not acting in compliance with GTW's rules and policies, such that any conduct of this nature would be outside the course and scope of the officer's employment with GTW."

Plaintiff has offered nothing to rebut this affidavit, or to otherwise show that Grand Trunk would be vicariously liable for any alleged actions of Officers Salamas and Pischel

---

corporation, within the ambit of both  § 1983 and the *Monell* doctrine.  *See Street v. Corrections Corporation of America*, 102 F.3d 810, 818 (6thCir. 1996).

in this case.[8]  Thus, even assuming the truth of every on of Plaintiff's allegations, Grand Trunk would have no liability, by virtue of the *Monell* doctrine.

## IV.    CONCLUSION

For these reasons, I recommend that Defendant's Motion for Summary Judgment [Doc. #60] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The

---

[8] Plaintiff has submitted as Exhibit 2 to his Response [Doc. #62] Grand Trunk's policy on police pursuits. Nothing in that policy would support or encourage unconstitutional acts by officers. Thus, if any officer did use excessive force or falsely arrest an innocent person, he or she would be acting contrary to, not in accordance with Grand Trunk's policies and procedures.

response shall address specifically, and in the same order raised, each issue contained within the objections.

                          s/R. Steven Whalen
                          R. STEVEN WHALEN
                          UNITED STATES MAGISTRATE JUDGE

Date: September 3, 2013

---

**CERTIFICATE OF SERVICE**

     I hereby certify on September 3, 2013, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 3, 2013:

**Carron L. Pinkins**
**Pinkins & Pinkins**
**P.O. Box 35836**
**Detroit, MI 48235**

                          s/Terri L. Hackman
                          Judicial Assistant to
                          Magistrate Judge R. Steven Whalen
                          (313) 234-5115